**STATE of Alaska, Petitioner,**

v.

**SUPERIOR COURT, FOURTH JUDICIAL DISTRICT, Respondent.**

No. S–934.

Supreme Court of Alaska.

May 9, 1986.

Paul R. Lyle, Asst. Atty. Gen., Fairbanks, Norman C. Gorsuch, Atty. Gen., Juneau, for petitioner.

No appearance for respondent.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

OPINION

PER CURIAM.

This petition for review arises out of a Petition from the State of Maine, filed in

---

Alaska under AS 25.25.010—.270, the Alaska Uniform Reciprocal Enforcement of Support Act. The Maine petition was timely served on defendant, Joseph R. Gary, a member of the United States Army, stationed at Fort Wainwright, Alaska. Gary failed to answer and the State, through the Attorney General's Office, moved for a default judgment. The State requested that counsel be appointed for Gary pursuant to 50 App. U.S.C. § 520 (1983), a provision of the Soldiers' and Sailors' Civil Relief Act, which requires appointment of counsel before a default can be entered against a member of the United States military.

Judge Jay Hodges appointed a local attorney to represent Gary. He further ordered "that attorney's fee shall be paid by the Attorney General's Office as billed or as determined by the court as reasonable." The State petitioned for review of the order to pay attorney fees.

While payment of some fee to appointed counsel is appropriate, we know of no authority permitting the court to mandate that such fee be paid by the Attorney General. Former Administrative Rule 13,[1] in effect at the time of this action, provided for compensation of attorneys appointed by the court. Attorneys appointed to represent persons under the Rules of Children's Procedure, *pursuant to statute,* or where the appointment was constitutionally mandated were entitled to compensation at $40 per hour to a maximum of $1500. Administrative Rule 13(a). Claims for compensation were to be submitted to the assigned judge subject to the approval of the administrative director of the courts. Administrative Rule 13(c). The administrative director of the courts is responsible for all requests requiring payment of funds appropriated to the judiciary. Administrative Rule 1(j).

The need for court appointed counsel in many cases has been sharply curtailed by the creation of the Office of Public Advocacy. Proceedings under AS 25.25.010—.270 are not, however, specifically among the classes of cases mentioned in the statute detailing the "powers and duties" of the Office of Public Advocacy. AS 44.21.410. Currently Administrative Rule 12(d)(2) mandates that indigent persons requiring counsel but not provided for under AS 44.-21.410 or AS 18.85.100, the public defender statute, shall be provided with counsel at the expense of the Alaska Court System. Administrative Rule 12(d)(2).

The order of the superior court is REVERSED and REMANDED.

---

**1.** Rescinded by Supreme Court Order 653, effective June 6, 1985.