STATE of Alaska, DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT DIVISION, ex rel., Bryan T. DEW, Petitioners,

v.

The SUPERIOR COURT for the State of Alaska, Respondent.

No. S–5820.

Supreme Court of Alaska.

Nov. 24, 1995.

Mary A. Gilson, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Petitioners.

Wilson A. Rice, Rice, Volland and Gleason, P.C., Anchorage, for Respondent.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

---

**5.** In view of our disposition, the superior court's award of attorney's fees to Winfree and Nix is vacated.

## OPINION

COMPTON, Justice.

In a paternity action, the superior court ordered the State, Department of Revenue, Child Support Enforcement Division (State), to advance fees to appointed counsel in accordance with the court's interpretation of a form court order entitled "Order Appointing Attorney Under Soldiers' and Sailors' Civil Relief Act." The State petitioned this court for review. *See* Alaska Appellate Rule 402(a)(1). We granted review to answer the following question: when counsel is appointed pursuant to the Soldiers' and Sailors' Civil Relief Act (SSCRA) to represent a defendant in a paternity action and the State files the action on behalf of the minor child or the mother, who must advance compensation to counsel, the State or the superior court? We conclude that the superior court correctly placed the initial burden of compensating appointed counsel on the State. Therefore, we affirm.

## I. FACTS AND PROCEEDINGS

On April 10, 1992, the State of Alaska, Department of Revenue, Child Support Enforcement Division, filed a paternity suit on behalf of a minor child against Adam Poston, pursuant to AS 25.27.040(a).[1] Poston, who was in the military, did not answer the complaint. Pursuant to the State's motion made in compliance with the SSCRA, 50 U.S.C.

app. § 520 (1990), the superior court appointed counsel to contact Poston and assist him as specifically directed in the order.[2] To effect the appointment, the court used a form order which stated in part that: "Unless the box below is checked, plaintiff shall compensate the above-named attorney.... These fees and costs may later be included in plaintiff's cost bill under Civil Rule 79." Checking the box would make operative the following language:

> Plaintiff has shown an inability to pay for such representation. Therefore, counsel will be paid by the Alaska Court System as provided in Administrative Rule 12(d)(2)(E)–(I). All claims for compensation must be submitted on court form ADM–121 within 30 days following disposition of the case.

The box was not checked.

After appointed counsel performed the services required by the order, he submitted to the State a request for compensation.[3] The State requested that the superior court grant it relief from the order of appointment on the ground that the plaintiff minor child was unable to pay for the representation. The court denied relief, ordering the State to advance compensation to counsel because "the State is the plaintiff and not indigent." On reconsideration, the court affirmed its previous holding, stating that former Administrative Rule 12(d)(2)(B)(vii),[4] then applica-

---

**1.** AS 25.27.040(a) provides in part:

The agency shall appear on behalf of minor children or their mother or legal custodian or the state and initiate efforts to have the paternity of the children born out of wedlock determined by the court.

**2.** The Soldiers' and Sailors' Civil Relief Act provides that a member of the armed services is entitled to appointed counsel prior to a default judgment being entered against him or her. 50 U.S.C. app. § 520 (1990).

The appointed attorney has the following duties:
1. contact the defendant and assure that defendant has actual notice of the lawsuit,
2. advise defendant of the protections of the Soldiers' and Sailors' Civil Relief Act,
3. advise defendant of the possibility of entry of default judgment and of the consequences of such a judgment,
4. ascertain whether defendant's ability to appear and defend his or her legal interests is

affected in any way by defendant's military status, and
5. if the defendant wishes, move for a stay of the proceedings to enable defendant to obtain counsel or prepare a defense on the merits of the case.

**3.** The State notes that the appointed attorney will request compensation before the case is concluded as the compensation for fees does not depend on the outcome of the case.

**4.** Appointments may be made in the following types of cases without prior approval of the administrative director, but only in cases in which the required services would not otherwise be provided by a public agency:
   . . . .
   (vii) Attorneys appointed for absent service persons pursuant to the Soldiers['] and Sailors['] Civil Relief Act (50 USC 520) when the opposing party is financially unable to pay for such representation.

ble, authorized "non-indigent plaintiffs, in this case the State Dept. of Revenue, to pay for representation."

Shortly thereafter, in *Anderson v. Bynum,* Case No. 3AN–92–6989, a different paternity case also initiated by the State, the superior court appointed counsel for a defendant under the SSCRA and held that the defendant's counsel was to submit her request for payment of fees to the court. In that case, the court regarded the child's mother as the "plaintiff" and determined she was unable to pay for the representation.

The State then filed a Petition for Review of the superior court's order that the State compensate Poston's appointed counsel, which we granted.

## II.  *DISCUSSION*

The State urges this court to conclude that it is the superior court and not the State that should advance compensation to counsel appointed under the SSCRA. The State makes two arguments to support its claim: (1) no statutory authority exists for the court to order the State to advance appointed counsel's fees; and (2) the State is not an "opposing party" as that term was intended under former Administrative Rule 12(d)(2)(B)(vii). We disagree.

■ The issue in this case is whether the superior court erred in determining that former Administrative Rule 12(d)(2)(B)(vii) authorized it to order the State to advance SSCRA counsel's fees. This is a question of law. This court reviews questions of law *de novo,* adopting the rule that is most persuasive in light of precedent, reason, and policy. *Langdon v. Champion,* 745 P.2d 1371, 1372 n. 2 (Alaska 1987).

Former Alaska R.Admin.P. 12(d)(2)(B).
    Former Administrative Rule 12(d)(2)(B)(vii) has been amended and renumbered as Administrative Rule 12(e)(2) (1994).

5.  A plaintiff may recover this cost from the defendant if the plaintiff prevails. Civil Rule 79(b) provides:
        (b) Items Allowed as Costs.  A party entitled to costs may be allowed ... the expense of ser-

## A.  *Administrative Rule 12(d)(2)(B)(vii) Was Adopted Under Authority Granted By the State Constitution*

■ The State argues that the superior court does not have statutory authority to order the State to advance fees for counsel appointed pursuant to the SSCRA. The State contends that Alaska statutes provide for compensation of appointed counsel only in proceedings which result in a "prevailing party." The State asserts that where the appointed counsel performs specific tasks to assist a defendant who is in the military, and does not litigate the merits of the action, there is no "prevailing party." Thus any assessment of SSCRA counsel's fees is unauthorized. The State argues that the right to counsel's fees is purely statutory because no such right existed at common law. *McDonough v. Lee,* 420 P.2d 459, 460 (Alaska 1966).

The State's argument is misguided. It confuses the SSCRA appointment procedure with awarding counsel's fees to a prevailing party at the conclusion of litigation. In the case at bar, the services rendered by SSCRA counsel are analogous to services rendered by persons who assist a party in effectuating a lawsuit, such as process servers. While SSCRA counsel's services are not ministerial, they are limited and essentially informational. Significantly, the plaintiff cannot obtain a default judgment unless SSCRA counsel is appointed and performs the services required by the appointment.[5] Whether the plaintiff prevails is irrelevant to the question of whether the State or the superior court must advance SSCRA counsel's fees.

■ The Alaska Constitution grants the supreme court authority to make and promulgate "rules governing the administration of all courts" and "rules governing practice and procedure in civil and criminal cases in all courts." Alaska Const. art. IV, § 15.

vice and publication of summons or notices, and postage when the same are served by mail.... In addition to the items allowed as costs by law and in these rules, a party shall be allowed any other expenses necessarily incurred in order to enable a party to secure some right accorded the party in the action or proceeding.

This court's power under this section is "explicitly broad and very nearly complete." *Citizens Coalition for Tort Reform, Inc. v. McAlpine,* 810 P.2d 162, 165 (Alaska 1991). In *McAlpine,* this court reviewed a proposed initiative that would have affected contingency fees in tort cases. The lieutenant governor had refused to place it on the ballot. His refusal had been upheld by the superior court. This court affirmed, holding that the fee limit was a rule of court, forbidden to the initiative process. *Id.* This court also cited *Channel Flying, Inc. v. Bernhardt,* 451 P.2d 570, 575 (Alaska 1969), for the proposition that the legislature may not initiate rules, but may only override the supreme court's rules. These cases confirm the power of this court to regulate "practice and procedure in . . . all courts." Alaska Const. art. IV, § 15.

Who advances SSCRA counsel's fees is a matter of "practice and procedure." Former Administrative Rule 12(d)(2)(B)(vii) provided the mechanism to address this issue. Hence the Rule was within this court's power to establish.

The State argues that *State v. Superior Court,* 718 P.2d 466 (Alaska 1986), controls this case. In *Superior Court,* this court struck an order requiring the Attorney General's office to pay for an attorney appointed under the SSCRA. We held that "no authority permit[ted] the court to mandate that such fee be paid by the Attorney General." *Id.* at 467. At the time that case was decided, the version of Administrative Rule 12 at issue in this case did not exist. Rather, Administrative Rule 13 was the applicable rule, and it made no mention of payment by an "opposing party."[6]

In contrast, former Administrative Rule 12(d)(2)(B)(vii) did refer to payment of fees by the opposing party and, by implication, required that an opposing party who was financially able to pay such fees pay them.

**6.** In part, the rule provided that: "Attorneys appointed by the court to represent persons . . . pursuant to statute . . . shall be compensated at the rate of $40.00 per hour." Former Alaska R.Admin.P. 13(a).

**7.** The State cites Civil Rule 17(a), which provides:

Therefore, *Superior Court* does not control the outcome of this case.

B. *Former Administrative Rule 12 Required the Superior Court to Order the State to Pay the Costs of Appointed Counsel*

The superior court issued two orders directing the State to pay SSCRA counsel's fees pursuant to former Administrative Rule 12(d)(2)(B)(vii), reasoning that the State was "the plaintiff" and not indigent.

The State argues that it is not an "opposing party" because it is not acting as a private litigant in a paternity case, but rather in a representative capacity. The State claims that the child or custodian is more appropriately viewed as the defendant's "opposing party." To support this argument, the State relies on *Reynolds v. Kimmons,* 569 P.2d 799 (Alaska 1977). In *Reynolds,* this court held that an indigent defendant has the right to appointment of counsel in a paternity suit in which the plaintiff is represented by the State. *Id.* at 803. The State had filed suit in the name of the mother, who this court referred to as "the real party in interest." *Id.* at 799–800. The State suggests that this is determinative of the question of whom is the opposing party. The State fails to note one predicate for the court's holding:

In light of the fact that *paternity suits, in effect, are brought by the State,* the significance of the parent-child relationship involved and the peculiar problems presented, we hold that due process requires the appointment of counsel for an indigent defendant.

*Id.* at 803 (emphasis added).

The State concedes that "[the State] is authorized by statute to bring paternity actions and, therefore, is a real party in interest for the purpose of being able to bring the suit."[7] However, it asserts that Civil Rule

Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his [or her] own name without joining with him [or her]

17(a) is not determinative of whether the State should be considered an "opposing party" under Administrative Rule 12. The State contends that although the State will benefit in some cases by being able to recoup paid public assistance from the biological father if paternity is established, the child has an interest in all cases, and therefore should be regarded as the "opposing party."

The State's argument again is misguided. Administrative Rule 12 does not determine the ultimate liability for SSCRA counsel's fees. It provides for the advancement of counsel's fees once counsel's services have been performed. The State controls the conduct of the litigation. The opposing party, unless unable to pay, initially must advance the costs associated with prosecuting the action. SSCRA counsel's fees are one such cost.

## III. *CONCLUSION*

Former Administrative Rule 12(d)(2)(B)(vii) provided the court with statutory authority to order the State to advance appointed counsel's fees. The State is the opposing party and has made no showing of an inability to pay. The order of the superior court is AFFIRMED.

EASTAUGH, Justice, with whom RABINOWITZ, Justice, joins, dissenting.

I dissent because the result reached by the majority, however desirable, is not permitted by the pertinent court rules.

> the party for whose benefit the action is brought; and *when a statute of the state so provides, an action for use or benefit of another shall be brought in the name of the state.* Alaska R.Civ.P. 17(a) (emphasis added).

1. The State Child Support Enforcement Division (CSED) filed suit for the benefit of a minor child against a service member, Adam Poston, to establish the child's paternity, and, thus, Poston's liability for child support. I assume that the child is financially unable to advance the fees of the SSCRA attorney and that CSED is the "opposing party" as that term was used in former Administrative Rule 12(d)(2)(B)(vii).

### A. *The Question*

The question as I see it is fundamentally simple: could the superior court in 1993 require a non-indigent plaintiff to advance the fees of an attorney appointed by the superior court pursuant to the Soldiers' & Sailors' Civil Relief Act (SSCRA), 50 U.S.C. app. § 520 (1990), in a civil suit filed by the plaintiff against a member of the armed services.[1] The question is not who must ultimately pay those fees, but only whether the plaintiff must advance them.

The majority opinion would impose this burden on CSED, because the majority reads former Administrative Rule 12(d)(2)(B)(vii) "by implication, [to require] that an opposing party who was financially able to pay such fees pay them." Opinion at 8.

### B. *The Rule Imposes No Duty*

The former rule is no model of clarity, but it certainly did not "by implication" or otherwise impose any duty on an opposing party financially able to pay these fees to pay them. When the superior court appointed counsel on January 11, 1993, former Administrative Rule 12(d)(2)(B) stated in pertinent part:

> Appointments may be made in the following types of cases without prior approval of the administrative director, but only in cases in which the required services would not otherwise be provided by a public agency:
>
> . . . .
>
> (vii) Attorneys appointed for absent service persons pursuant to the . . . [SSCRA] when the opposing party is financially unable to pay for such representation.[2]

2. The pertinent Administrative Rules have been periodically amended. When the superior court appointed SSCRA counsel for Poston, Administrative Rule 12(d)(2)(B)(vii) dealt with such appointments. That rule has since been amended and renumbered as Administrative Rule 12(e)(2) (1994). It presently provides:

> (e) Other Appointments at Public Expense.
>
> . . . .
>
> (2) Soldiers & Sailors Civil Relief Act. When the opposing party is financially unable to pay for such representation, the court shall appoint a member of the Alaska Bar Association to represent an absent service person pursuant to the . . . [SSCRA]. Prior approval of the administrative director is not required.

Read literally, subparagraph (B)(vii) did no more than permit appointment of SSCRA attorneys without prior approval of the administrative director of the Alaska Court System (ACS) "when the opposing party is financially unable to pay for such representation." Subparagraph (B)(vii) dealt only with one contingency: suit brought by an indigent opposing party. It did not address the contingency raised in this case: suit brought by a non-indigent opposing party (CSED). Thus, the rule did not permit the appointing court to require any plaintiff to advance the fees, even if the plaintiff was financially able to do so. The rule conspicuously failed to impose on plaintiffs, directly or impliedly, the burden the majority thinks CSED should bear.

### C. *The Role of the Alaska Court System Administrative Director*

Former Administrative Rule 12(d)(2) (now Rule 12(e)(2)) focused on appointment of counsel whose fees would be advanced by the Alaska Court System. Former Administrative Rule 12(d) was titled: "Other Appointments at Public Expense." That rule encompassed SSCRA appointments. Rule 12(e) bears the same title.

Although they are not discussed in the majority opinion, various subparagraphs in former Rule 12(d)(2) confirm that focus. Thus, Rule 12(d)(2)(D) required the court, when appointing an attorney under the provisions of Rule 12(d)(2), to "immediately send a copy of the appointment order to the administrative director."[3] Rule 12(d)(2)(E) required that "[a]ll claims for compensation must be submitted within 30 days following the disposition of a case.... Claims will be

submitted to the assigned trial judge, who shall make a recommendation regarding approval and forward the recommendation to the administrative director. The administrative director shall approve or disapprove the claim." The remaining subparagraphs of former Rule 12(d)(2) all prominently discussed the role of the ACS administrative director in approving various expenses.[4] Alaska R.Admin.P. 12(d)(2)(F)–(H) (1992).

There is no reason why the rule would require the ACS administrative director to review and approve (or disapprove) such expenses unless they were to be advanced by the ACS; certainly there was no reason for the administrative director's review and approval if those expenses were to be advanced by a non-indigent plaintiff.

Rule 12(d)(2) thus expressly contemplated payment by the ACS, and addressed no other possibility. In the absence of any other language expressly imposing a duty on non-indigent plaintiffs to advance those fees, the language discussing the role of the ACS precludes any conclusion that CSED could be required to advance these SSCRA fees.

### D. *The Effect of Our Prior Decision*

*State v. Superior Court*, 718 P.2d 466 (Alaska 1986), appears to control and to call for a different result. The trial court there ordered the Attorney General's Office to pay for an attorney appointed under the SSCRA. This court held on appeal that "no authority permit[ted] the court to mandate that such fee be paid by the Attorney General." *Id.* at 467. It relied on former Administrative Rule 13[5] to hold that the superior court did not

---

**3.** Administrative Rule 12(d)(2)(B) listed various types of cases in which counsel would be appointed. It distinguished between six listed types of cases, and "all other cases." *See* former Alaska R.Admin.P. 12(d)(2)(B) ("In all other cases, the court shall inform the administrative director of the specific reasons why an appointment is required prior to making the appointment."). In the six listed types of cases (including those governed by the SSCRA when the opposing party is indigent), the court could appoint counsel without the ACS administrative director's prior approval, no doubt because appointment was mandatory in such cases and prior approval would have been pointless. In "all other cases," the administrative director's prior approval was nec-

essary because appointment was implicitly optional. The reason for that approval seems obvious: the ACS was expected to pay the resulting expense.

**4.** Those subparagraphs are now contained in Administrative Rule 12(e)(4), (5) (1994).

**5.** Former Administrative Rule 13(c) (1985) provided:

Claims for compensation shall be submitted, on forms provided by the court, within thirty days following the disposition of the case. Claims shall be submitted for approval to the judge assigned to hear the case and shall be

have authority to order the Attorney General to pay fees for counsel appointed under the SSCRA in a paternity and support case.

> While payment of some fee to appointed counsel is appropriate, we know of no authority permitting the court to mandate that such fee be paid by the Attorney General. Former Administrative Rule 13, in effect at the time of this action, provided for compensation of attorneys appointed by the court. Attorneys appointed to represent persons under the Rules of Children's Procedure, pursuant to statute, or where the appointment was constitutionally mandated were entitled to compensation at $40 per hour to a maximum of $1500. Administrative Rule 13(a). Claims for compensation were to be submitted to the assigned judge subject to the approval of the administrative director of the courts. Administrative Rule 13(c). The administrative director of the courts is responsible for all requests requiring payment of funds appropriated to the judiciary. Administrative Rule 1(j).

*Id.* (footnote and emphasis omitted). Thus, this court concluded that Rule 13 required the superior court to pay the fees. *Id.*

As the majority opinion now notes, Rule 13 did not then contain language requiring payment by the opposing party, and the version of Administrative Rule 12 at issue in this case did not exist when *State v. Superior Court* arose. The majority would distinguish that case on a theory that former Administrative Rule 12(d)(2)(B)(vii) "by implication" required an opposing party financially able to pay such fees to pay them. Opinion at 8. However, as seen above, that rule did not impose, impliedly or otherwise, any such duty on the opposing party. In all other respects, the language in Rule 13 that convinced the court to reverse in *State v. Superior Court* was carried over to Rule 12. It was error to require CSED to advance the SSCRA fees here for the same reasons it was error for the trial court to require the Attorney General to advance those fees in *State v. Superior Court*.

E. *History of the Rule*

The history of the rule does not support reading it contrary to its clear language. Before amendment, Administrative Rule 12(d)(2)(J) (1988) provided:

> (J) To the extent required by the Soldiers and Sailors Civil Relief Act (50 USCA § 520), attorneys will be appointed to represent litigants from lists of eligible attorneys provided by the Alaska Bar Association, as provided in (2)(C), above. *No compensation will be paid from state funds for these appointments.*

(Emphasis added.)

In 1988, that rule was deleted, and Rule 12(d)(2)(B) was amended. The Court Rules Attorney who proposed that amendment stated: "The amendment adds a provision that says the court will pay for such representation *if the opposing party is unable to pay.*" The memorandum of the Court Rules Attorney did not address payment of SSCRA fees when the opposing party was able to pay.

F. *The Court System Form Order*

Poston's SSCRA attorney was appointed by order of January 11, 1993, executed on ACS Form CIV–660 (8/90). The form expressly purported to do what Administrative Rule 12(d)(2) did not do. That form contemplated two alternative situations: (1) suit by a plaintiff able to pay for the SSCRA representation for the service member, or (2) suit by a plaintiff unable to pay for that representation. In the first situation, the form order would expressly require the plaintiff to compensate the defendant's SSCRA attorney. In the second situation, the form order states that counsel "will be paid by the Alaska Court System as provided in Administrative Rule 12(d)(2)(E)–(I)." The January 11, 1993 order imposed the expense on CSED, the trial court apparently having concluded that CSED was able to pay for the representation.

Although the order and form embody a common sense approach to the question who should advance these fees, the order and form do something that was not permitted by

subject to final approval by the administrative director.

the rule. Unfortunately, nothing in Administrative Rule 12 imposes that obligation on CSED, or on any other non-indigent plaintiff, and the majority opinion recites no other authority that might be a source of such a duty. The SSCRA itself does not address the issue.

### G. *Administrative Function*

This dispute may appear insignificant. After all, the choice between imposing this expense on CSED and the Alaska Court System may seem theoretical (either way, the State of Alaska will pay). It is nonetheless of genuine importance to the agencies whose budgets are potentially involved. Also, if Rule 12(d)(2) could be read to require CSED, as the non-indigent opposing party, to advance SSCRA fees, the existing rule would impose the same duty on any non-indigent plaintiff, including those which are not public agencies. Further, the method of exercising this choice is of institutional importance. If this court wishes to reach the result selected by the majority, it should do so through its administrative function by amending the Administrative Rules (and possibly the Civil Rules) to impose this responsibility on non-indigent plaintiffs. This would authorize the reasonable and logical result reached under ACS Form CIV–660 (8/90). Adopting a new rule which would expressly do what the majority proposes is preferable to issuing a judicial opinion that attempts to squeeze that result from the hopelessly inadequate language of the rule before us. There is nothing financially or factually so compelling about the present case that we should be induced to issue an opinion reading into the rule a duty that is not there.

### H. *Conclusion*

Although it is desirable to require the opposing party to advance these fees, and although this court certainly could adopt a rule so requiring, it has not done so. Perhaps it intended to do so when it promulgated the changes to Administrative Rule 12 culminating in former Rule 12(d)(2)(B)(vii), but if that was its intention, it failed to carry it out. *State v. Superior Court* is not distinguishable on the ground advanced by the majority

opinion, and the rationale employed in that case remains sound. Given the vacuum in former Rule 12(d)(2)(B)(vii), the language in former Rule 12(d)(2)(E) and (F) controls, requiring the ACS to pay the fees of Poston's SSCRA attorney.

I would consequently reverse the order of the superior court.